**Francis W. LENOX, Plaintiff,**

v.

**UNISYS CORPORATION, Defendant.**

**No. 3:98–CV–00537 (WWE).**

United States District Court,
D. Connecticut.

Jan. 6, 1999.

Allan M. Cane, Fairfield, CT, Francis W. Lenox, Trumbull, CT, for Plaintiff.

Diane K. Rembleske, Christine P. Shields, Jackson, Lewis, Schnitzler & Krupman, Stamford, CT, for Defendant.

*RULING ON MOTION TO DISMISS OR, IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT*

EGINTON, Senior District Judge.

### INTRODUCTION

Defendant Unisys Corporation ("UC") moves this Court for an order dismissing plaintiff Francis Lenox's ("Lenox") complaint, pursuant to Federal Rule of Civil Procedure 12(b)(6). In the alternative, UC moves for summary judgment, pursuant to Federal Rule 56. In his complaint, Lenox alleges that UC discriminated against him on the basis of his age in violation of the Age Discrimination in Employment Act of 1967, 29 U.S.C. §§ 621 *et seq.*, (the "ADEA"), and that UC breached an implied contract of employment with him.

UC raises three issues in their moving papers: first, that plaintiff filed his administrative charge with the EEOC in an untimely manner; second, that New York law does not recognize a claim for breach of implied contract; and, third, if this Court were to apply Connecticut law to his contract claim, Plaintiff would still fail to state a viable cause of action.

### STATEMENT OF FACTS

The Court summarizes only those facts deemed necessary to an understanding of, and the decision rendered on, this Motion.

UC hired Lenox in 1983 as a program control manager for its "MicroPUFFS" program which, at the time of Lenox's layoff, was part of UC's Electronic Systems Group. In 1994, this Group underwent a work force reduction. UC's policy provided that any employee with more than four years of service would receive four weeks notice of the work force reduction. Notice of this reduction in force was given to, *inter alios,* Lenox on April 8, 1994. His last day of work was to be May 6, 1994. Lenox acknowledges the receipt of this notice on April 8.

On February 23, 1995, Lenox filed a Charge of Discrimination with the Connecticut Commission on Human Rights and Opportunities ("CHRO") and the Equal Employment Opportunity Commission ("EEOC"). On December 31, 1997, the EEOC issued a no probable cause dismissal and a notice of right to sue. The present litigation was commenced approximately three months later.

### LEGAL ANALYSIS

Pursuant to the regulations and requirements of the ADEA, a plaintiff bringing a judicial claim of age discrimination must first file an administrative charge within 180 days of the alleged unlawful act. This time period is enlarged to 300 days, however, in those states having their own age discrimination statutes and oversight agencies. Be-. cause Connecticut is one of these "deferral states", plaintiff had three hundred days in which to file his claim. This limitations period is to be strictly construed. *Economu v. Borg–Warner Corp.,* 829 F.2d 311, 315 (2d Cir.1987) (complaint dismissed, pursuant to Fed.R.Civ.P. 12(b)(6), where ADEA claim had been filed 301 days after plaintiff received termination notice).

A claim for employment discrimination accrues on the date that the allegedly discriminatory decision was made and communicated to the employee. *Delaware State College v. Ricks,* 449 U.S. 250, 258, 101 S.Ct. 498, 66 L.Ed.2d 431 (1980). "[T]he proper focus is on the time of the discriminatory act, not the point at which the consequences of the act become painful." *Chardon v. Fernandez,* 454 U.S. 6, 8, 102 S.Ct. 28, 70 L.Ed.2d 6 (1981) *quoting Ricks,* 449 U.S. at 258, 101 S.Ct. 498. Hence, as in the present case, the last date of employment may not always coincide with the start of the statutory limitation clock. In contradistinction, the limitation period begins to run on the date that the employee receives a "definite notice of termination." *Economu,* 829 F.2d at 315.

In the present case, plaintiff admittedly received his formal notice of termination on April 8, 1994. His administrative charge was filed on February 23, 1995, a total of 321 days following said notice. Accordingly, because no action based upon a claim of age discrimination may be brought in federal court unless a timely administrative charge was brought within the permissible time limit, plaintiff's claim must be dis-

missed. *Smith v. American President Lines, Ltd.,* 571 F.2d 102, 107–108 (2d Cir. 1978).

Inasmuch as the federal claim will be dismissed, the Court declines to exercise its discretion to hear the remaining pendent state law claims. *United Mine Workers v. Gibbs,* 383 U.S. 715, 726, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966).

### CONCLUSION

For the reasons stated herein, the Motion to Dismiss [Doc. No. 9] is GRANTED. The Clerk is hereby directed to close this file.

SO ORDERED